UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Elliot Holly,                                                                Civil No. 04-1489 (JMR/FLN)

      Plaintiff,

      v.                                                                **REPORT AND RECOMMENDATION**

Deborah Konieska and Mike Smith,

      Defendants.

---

Michael Wilhelm for Plaintiff.
Barry Greller for Defendants.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on Plaintiff's Motion for a Temporary Restraining Order [#86]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends that Plaintiff's Motion [#86] be denied.

**I.    PROCEDURAL HISTORY**

On August 12, 2008, Plaintiff brought this motion for a temporary restraining order. With this motion, Plaintiff seeks to enjoin two criminal prosecutions in Carleton County District Court. Both of these prosecutions were initiated by complaints filed by the Carleton County Attorney's Office on April 30, 2004. (*See* Wilhelm Aff., Docket No. 88, Ex. 7, 8.) On June 5, 2008, Plaintiff received notices from the Carleton County District Court stating that jury trials on the cases against him would commence on August

19, 2008, and August 26, 2008. (*See* Holly Aff., Docket No. 90, Ex. B, C.)[1]

With this motion, Plaintiff does not seek to enjoin the Defendants in this action. Rather Plaintiff seeks to enjoin the Carleton County Attorney's Office and the Carleton County District Court, neither are parties to this action.

## II.   PLAINTIFF'S ALLEGATIONS.

The Plaintiff, Elliot Holly, is an indeterminately civilly committed patient at the Minnesota Sex Offender Program ("MSOP") in Moose Lake, Minnesota. *See In the Matter of Elliot B. Holly*, No. C9-94-492, 1994 WL 396314, *1 (Minn. App. 1994). Plaintiff brings this action against employees of the MSOP. Plaintiff alleges that the MSOP staff engaged in discriminatory conduct. Plaintiff alleges that the staff at the MSOP are engaged in a conspiracy designed to break Plaintiff's will and send him back to prison.

The only facts alleged by Plaintiff that pertain to the Carleton County Attorney's Office relate to four prosecutions: two in 2002 and two in 2004. On September 23, 2002, Plaintiff was charged by the Carleton County Attorney with one count of criminal damage to property and one count of terroristic threats stemming from an incident on September 20, 2002. (Holly Aff. ¶29.) On November 12, 2002, Plaintiff was charged by the Carleton County Attorney with four counts of assault stemming from an incident on November 8, 2002. (*Id*. at ¶30.) Plaintiff has either plead guilty or been convicted on these

---

[1]Counsel for Plaintiff and Counsel for Defendants have informed the Court's staff that they received information from the Carleton County District Court that Plaintiff is scheduled for a plea hearing on August 20, 2008, instead of the noticed jury trials. Counsel for Plaintiff maintains, and the Court agrees, that it is immaterial whether Plaintiff is scheduled for a plea hearing or jury trials. There is nothing in the record to explain why it has taken over 4 years to bring the cases to trial.

charges. (*Id*. at ¶¶ 29-30.)

On April 30, 2004, only 23 days after Plaintiff filed his Section 1983 complaint with this Court, the Carlton County Attorney brought two set of charges against Plaintiff. (Wilhelm Aff., Ex. 7, 8.) The first set of charges were based upon incidents that occurred on February 25, 2004, when Plaintiff allegedly threatened an employee of the MSOP. (*Id*.) These events were not reported to the Carleton County Attorney until April 26, 2004. The second set of charges were based upon incidents that occurred in the summer of 2001. (*Id*.) During that summer, Amy Anderson, an employee of the MSOP, ordered that Plaintiff be placed in protective isolation. In response to this determination by Anderson, Plaintiff made threats toward the safety of Anderson and her family. These threats were documented in police reports at the time, but never prosecuted until April 30, 2004.

### III.   LEGAL ANALYSIS

With few exceptions, federal courts must refrain from enjoining state court actions under the Anti-Injunction Act and the doctrine of Younger abstention. *See* 28 U.S.C. §2283; *Younger v. Harris*, 401 U.S. 37 (1971). Plaintiff brings this motion under an exception to *Younger* abstention, which provides that he is entitled to an injunction if he can show that "a prosecution was brought in retaliation for or to discourage the exercise of constitutional rights." *Lewellen v. Raff*, 843 F.2d 1103, 1110-1111 (8th Cir. 1988). [2] When considering whether an injunction should issue, it is immaterial whether valid convictions

---

[2] *Lewellen* also teaches that an injunction might be appropriate if the state criminal defendant can show that defense of the state's criminal prosecution will not assure adequate vindication of constitutional rights. *See*, *Lewellen*, 843 F. 2d at 1109. Here there is nothing in the record to show what, if any, efforts Holly has made to vindicate in the state court proceeding the constitutional rights he contends entitle him to an injunction here. In any event there is also nothing in the record to suggest that defense of the state criminal prosecution is not adequate to vindicate those rights.

could conceivably be obtained. *Id*. at 1111. At the preliminary injunction stage, "[Holly] need show only that the prosecution was motivated '**in part**' by a purpose to retaliate against constitutionally protected conduct." *Lewellen v. Raff*, 851 F.2d 1108, 1110 (8th Cir. 1988) (emphasis added). A showing of "but for" causation is not required at this stage, but is required for the issuance of a permanent injunction. *Id*. Accordingly, the Court's inquiry will be confined to a determination of whether Plaintiff has presented evidence that "prosecution was motivated 'in part' by a purpose to retaliate" against Plaintiff for filing his §1983 action.

Assuming, without deciding, that all of the allegations Plaintiff has made against the MSOP staff are true, Plaintiff has failed to establish sufficient evidence to show that the Carleton County Attorney's Office has been motivated by a purpose to retaliate against Plaintiff. The only evidence provided by Plaintiff that the Carleton County Attorney has brought these prosecutions in bad faith is in the timing of the prosecutions. The two prosecutions in 2004 were brought shortly after the Plaintiff filed his §1983 complaint with this Court. Further, they were brought after more delay than the prosecutions were brought in 2002. Lastly, Plaintiff points to the Carleton County Attorney's decision not to charge him in either of the prosecutions in 2002 with making threats against Anderson, but then electing to bring that charge in 2004, as evidence of an improper motivation. Plaintiff alleges that these three facts are sufficient to show that the cases were motivated in part by a purpose to retaliate.

The Court does not necessarily draw the same inferences as the Plaintiff from the timing of two prosecutions in 2004. The Carleton County Attorney filed the complaint related to the February 25, 2004, conduct on April 30, 2004, only four days after the February 25, 2004, conduct was reported to the Carleton County Attorney on April 26, 2004. Additionally, the Carleton County Attorney's decision to

4

prosecute Plaintiff for the incident from the summer of 2001 can easily be explained by the similarity in the factual allegations between that charge and the other charge brought at the same time.  Both cases are based upon allegations that Plaintiff has made threats directed at the MSOP staff.  Because Plaintiff has not made sufficient factual allegations to show improper motivation on the part of the Carleton County Attorney's Office, this motion must be denied.

**IV.     RECOMMENDATION**

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for a Temporary Restraining Order [#86] be **DENIED**.

DATED:     August 18, 2008                             *s/ Franklin L. Noel*
                                                      FRANKLIN L. NOEL
                                                      United States Magistrate Judge

Due to Plaintiff's impending plea hearing on August 20, 2008, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **August 19, 2008, at noon**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.