UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Elliott B. Holly,  
also known as  
Sarprio Doranti

    Plaintiff,

v.

Deborah Konieska & Mike Smith,

    Defendants.

Civil No. 04-1489 (ADM/FLN)

**REPORT AND RECOMMENDATION**

Elliott B. Holly, pro se.
Ricardo Figueroa, Assistant Attorney General, for Defendants.

**THIS MATTER** came before the undersigned United States Magistrate Judge on Plaintiff's Motion for Contempt (ECF No. 266, Attach. 1).  This matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons set forth below, the Court recommends that Plaintiff's motion be **DENIED**.

## I. BACKGROUND

On August 12, 2010, Judge Rosenbaum issued an order directing the Minnesota Sex Offender Program ("MSOP") to, among other things, modify certain policies and procedures governing a client's placement in administrative restriction or in a high security area.[1] *See* Order ¶¶ 7-10, ECF No. 247.  More specifically, a client placed in a high security area must be provided written notice of his right to request a hearing with the Hospital Review Board ("HRB") and the Administrative Restriction Review Panel ("Review Panel"). *See* Order, Ex. A.  ¶¶ F, N, O.3, ECF

---

[1] The Court retained continuing jurisdiction over the terms of the order. *Id.* ¶ 12.  On February 23, 2012, the Eighth Circuit Court of Appeals received Plaintiff's handwritten motion for contempt and subsequently transferred it to the District of Minnesota.

No. 247. The client must also be provided with written notice of the objective behavioral criteria he must meet in order to be released from the area. *See id.* ¶¶ D, P.1-2. Upon placing a client in a high security area, MSOP must ensure that: (1) the placement is "reasonably necessary to maintain safety and security"; (2) "lesser restrictions are considered and found insufficient to maintain safety and security "; and (3) "such placement is for nonpunitive purposes." *Id.* ¶ F. The order required MSOP to implement these policies, among others,[2] within forty-five days and further mandated that the policies must govern MSOP's future conduct with respect to Holly. *See* Order ¶¶ 8-9, ECF No. 247.

On November 30, 2011, Holly was placed in protective isolation after he was found destroying phones, smashing windows, and breaking door handles to room units. Whited Aff. Ex. A. at 2, ECF No. 273. According to Holly, he destroyed the property in order to get away from another client who threatened to kill him. ECF No. 266, Attach. 1 at 2. Holly then allowed two other clients to get out of their locked rooms and barricaded unit doors and stairwells to impede staff from responding to the incident. Figuero Aff. Ex. A at 1, ECF No. 272; Whited Aff. Ex. A. at 2, ECF No. 273. The responding staff warned Holly to stop what he was doing, but Holly continued to break windows and destroy MSOP property. Whited Aff. Ex. A. at 2, ECF No. 273. Holly was immediately placed in protective isolation. *Id.* He was later arrested, taken to Carleton County jail, and charged with first-degree criminal damage to property and second-degree rioting. Figuero Aff. Ex. A at 1, ECF No. 272. Holly has not returned to the MSOP facility since his arrest. Dalbec Aff. ¶ 10, ECF No. 271.

---

[2] The complete list of provisions that were to be incorporated into MSOP's policies are set forth in Exhibit A to the order.

## II.   ANALYSIS

"The party seeking a contempt order bears the burden of proving facts warranting such relief by clear and convincing evidence." *Jake's, Ltd., Inc. v. City of Coates*, 356 F.3d 896, 899-900 (8th Cir. 2004).  Holly alleges that MSOP did not modify its policies as required by the August 2010 order.  The Court has reviewed MSOP's policies governing a client's placement in administrative restriction and in high security areas and concludes that they comply with the August 2010 order. *See* Figuero Aff. Exs. B-D, ECF No. 272.

Holly next alleges that MSOP violated the August 2010 order by refusing to allow him to appear before the HRB prior to his arrest and transfer to the county jail on November 30, 2011.  The order, however, does not require the MSOP to provide a client with a hearing prior to his placement on administrative restriction, his placement in a high security area, his arrest, or his incarceration in a county jail.  *See* Order Ex. A, ECF No. 247.  The order only requires that Holly be given a hearing *after* his placement in the high security area. *See id.* ¶¶ I-O.  MSOP has submitted evidence showing that Holly was provided written notice of the rights he retains while in the high security area.  Whited Aff. Ex. A. at 2, ECF No. 273; Benson Aff. Ex. C at 2, Attach. 5, ECF No. 270.  This notice complies with the August 2010 order.

Lastly, Holly alleges that MSOP failed to protect him from another client who threatened to kill him, has deliberately kept him in county jail as punishment, and has caused him to be held in contempt of court by failing to inform the court that he was suffering from mental illness.  These allegations, however, are outside the scope of the order.  *Cf. Mahers v. Hedgepeth* 32 F.3d 1273, 1275 (8th Cir. 1994) (affirming denial of contempt motion after finding the alleged conduct fell outside "the four corners" of the consent decree).

The Court concludes that Holly has not met his burden of showing, by clear and convincing evidence, that MSOP is in violation of the August 2010 order.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Contempt (ECF No. 266, Attach. 1) be **DENIED**.

DATED: April 19, 2012.　　　　　　　　　　　　　　　s/ *Franklin L. Noel*
　　　　　　　　　　　　　　　　　　　　　　　　　　FRANKLIN L. NOEL
　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **May 3, 2012**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.