## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Elliott B. Holly,
a/k/a
Sarprio Doranti,

        Plaintiff,

    v.

Deborah Konieska,
and Mike Smith,

        Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 04-1489 ADM/FLN

_____

Elliott B. Holly, pro se.

Ricardo Figueroa, Esq., Attorney General's Office, St. Paul, MN, on behalf of Defendants.
_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of

Elliott B. Holly's ("Plaintiff") Objections [Docket No. 278] to Magistrate Judge Franklin L.

Noel's Report and Recommendation ("R&R") [Docket No. 277].  Judge Noel's R&R

recommended denying Holly's Motion for Contempt [Docket No. 266].  After a de novo review

of the record, for the reasons set forth below, Holly's Objections are overruled and Judge Noel's

R&R is adopted.

## II.  BACKGROUND

The facts and procedural history of this case are fully articulated in Judge's Noel's R&R

and are incorporated by reference.  Holly is seeking a finding of contempt of the August 11,

2010 Order signed by Judge Rosenbaum, since retired.  See Order [Docket No. 247].  The

August 2010 Order directed the Minnesota Sex Offender Program ("MSOP") to, among other

things, modify policies and procedures governing a client's placement in administrative restriction or in a high security area.  Id. at ¶¶ 7-10.  The August 2010 Order required that a client placed in a high security area must be given written notice of the right to request a hearing before the Hospital Review Board ("HRB") and the Administrative Review Panel.  See id. Ex. A. ¶¶ F, N, O.3.

On November 30, 2011, Holly was placed in the Carlton County jail after allegedly destroying windows, telephones, and door handles and preventing officials from responding to an incident.  Figueroa Aff. [Docket No. 272] Ex. A at 1; Whited Aff. [Docket No. 273] Ex. A. at 2.  Holly was taken into custody prior to a hearing with the HRB.  Mot. for Contempt at ¶ 2.  Furthermore, Holly maintains he was told by MSOP officials that he would not see the HRB.  Id. Holly alleges the response taken by MSOP officials on November 30, ran contrary to the policies MSOP was required to implement from the August 2010 Order.

In addition, in his Objections Holly attacks the veracity of the affidavits submitted by MSOP officials documenting the events of November 30, 2011.  In support of his position, Holly provides two affidavits to substantiate his position on the factual background.  Holly disputes both the amount of damage caused and whether he prevented MSOP officials from responding to the scene of the incident.

Holly's position is undercut by his Motion for Contempt, in which he admits breaking windows, ostensibly to be removed from a threatening patient.  Mot. for Contempt at ¶ 2.  Moreover, in his Motion for Contempt, Holly fails to dispute MSOP's rationale for his placement in the high security area on November 30, 2011.  See id.  Furthermore, Holly's affidavits do not lend support sufficient to buttress his version of events.  The affidavits fail to

document how the affiant obtained actual knowledge about the disruptive situation that ultimately led to Holly being incarcerated and charged with first-degree criminal damage to property and second-degree rioting.  Conversely, MSOP has provided extensive evidence documenting the factual circumstances surrounding the incident on November 30, 2011.  <u>See</u> Whited Aff. Ex. A. at 2; Figueroa Aff. Ex. A. at 1.

### III.  DISCUSSION

To prevail on a contempt motion, the party seeking contempt bears the burden of proving the facts by clear and convincing evidence.  <u>Jake's Ltd., Inc. v. City of Coates</u>, 356 F.3d 896, 899-900 (8th Cir. 2004).  Holly alleges that MSOP did not modify its policies as required by the August 2010 Order.  After a thorough review of the new policies adopted after the August 2010 Order, this Court concludes that the changes made by MSOP accurately comply with Judge Rosenbaum's Order.  <u>See</u> Figueroa Aff. Exs. B-D.

Holly next alleges MSOP treated him in a manner inconsistent with the August 2010 Order.  Specifically, Holly maintains he was not allowed to see the HRB prior to being placed in the Carlton County Jail on November 30, 2011.  A careful reading of the August 2010 Order, however, reveals that MSOP is not required to provide clients with an opportunity to see the HRB prior to being placed on administrative restriction, in a high security area, arrested, or incarcerated in a county jail.  <u>See</u> Order [Docket No. 247] Ex. A.  Instead the Order requires a hearing for patients after being placed in the high security area.  <u>See id.</u> ¶¶ I-O.  MSOP has submitted evidence documenting their compliance with the August 2010 Order regarding Holly's placement in the high security area.  Whited Aff. Ex. A. at 2; Benson Aff. [Docket No. 270] Ex. C. at 2, Attach. 5.  The evidence shows Holly was given written notice of the rights he retains

while in the high security area.  Id.  The record reflects Holly never requested an appearance

before the HRB as is allowed by MSOP policy.  Dalbec Aff. [Docket No. 271] ¶ 8.  The above

procedures followed by MSOP adequately complied with MSOP policies issued as a result of the

August 2010 Order.

       Holly further alleges that MSOP failed to protect him from another client who threatened

to kill him, has deliberately kept him in county jail as punishment, and has caused him to be held

in contempt of court by failing to inform the court that he was suffering from mental illness.  The

August 2010 Order, however, does not address these types of allegations.  Cf. Mahers v.

Hedgepeth, 32 F.3d 1273, 1275 (8th Cir. 1994) (affirming denial of contempt motion after

finding the alleged conduct fell outside "the four corners" of the consent decree).  Therefore,

since the allegations fall outside the purview of the August 2010 Order, the claims fail to prove

MSOP is in contempt of the order.

       In his Objections, Holly raises for the first time additional claims alleging further

violations of MSOP as to the August 2010 Order.  Specifically, Holly raises new claims

regarding access to food, water, and other provisions after he was placed in protective isolation

status, threats made by MSOP officials against Judge Rosenbaum, MSOP staff statements they

do not follow court orders, and evidence showing MSOP officials have provided false and

misleading affidavits supporting their position.

       Plaintiffs may not raise new issues or claims in an objection to a report and

recommendation.  Since these claims are being raised for the first time in Holly's Objections to

the R&R, they are dismissed.  See Madol v. Dan Nelson Auto. Group, 372 F.3d 997, 1000 (8th

Cir. 2004) (holding that a claimant must present all claims to a magistrate judge to preserve them

for review).

The Court concludes, for the reasons stated previously, that Holly has not met his burden of showing, by clear and convincing evidence, that MSOP is in contempt of the August 2010 Order.  As a result, his Objections are overruled and his Motion denied.

### IV.  ORDER

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections [Docket No. 278] are **OVERRULED**;

2. Judge Noel's R&R [Docket No. 277] is **ADOPTED**; and

3. Plaintiff's Motion for Contempt [Docket No. 266] is **DENIED**.

BY THE COURT:


_____ s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  June 12, 2012.